UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAVERNE JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-1339 (ABJ) |
| DELOITTE SERVICES, LLP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff LaVerne Johnson, proceeding *pro se*, has brought this action against her former employer – Deloitte Services, LLP ("Deloitte") – and several of its employees. Compl. [Dkt. # 1] at 1–2. She alleges that defendants discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990, and that they violated the Family Medical Leave Act. *Id.* at 10–11, 13.

Defendants have moved to dismiss the action for improper venue. Mot. to Dismiss for Improper Venue [Dkt. # 5] ("Defs.' Mot."). Plaintiff has opposed the motion to dismiss, but has requested, in the alternative, that the Court transfer this case to the Eastern District of Virginia. Pl.'s Brief Mot. to Transfer Venue [Dkt. # 8] ("Pl.'s Opp.") at 10.[1] Because the Court finds that the District of Columbia is not a proper venue for plaintiff's Title VII and Americans with Disabilities Act claims, but the Eastern District of Virginia is an appropriate venue for all of

---

1 Although plaintiff's pleading is titled "Plaintiff's Brief Motion to Transfer Venue," the substance of the pleading reveals that plaintiff believes venue is proper in the District of Columbia, but requests that if the Court finds venue to be improper, it transfer the case to the Eastern District of Virginia. *See* Pl.'s Opp. at 7–10.

plaintiff's claims, the Court will transfer this action to the United States District Court for the Eastern District of Virginia.

**BACKGROUND**

Plaintiff alleges that she was employed with Deloitte Services, LLP from February 7, 2011 to May 29, 2012, as a subcontract manager. Compl. at 3. She alleges that toward the end of her employment she applied for family medical leave and began to lodge charges of discrimination and harassment based on sex, race, and retaliation, and unfair employment practices against one of her managers, Barbara Chinn. *Id.* at 4. During that time, plaintiff was allegedly reporting directly to Keith Barnes, who was located in the company's Tennessee office. *Id.* On at least one occasion, Mr. Barnes traveled to meet with plaintiff in her McLean, Virginia office to discuss her allegations. *Id.* at 4, 8, 9. The complaint alleges that plaintiff's employment with Deloitte Services, LLP was terminated on May 29, 2012. *Id.* at 3.

**STANDARD OF REVIEW**

"'In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008), quoting *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). The court may consider material outside of the pleadings. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002), citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO*

*Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).  Where a plaintiff proceeds *pro se*, "the Court must take particular care to construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myer Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## ANALYSIS

In Title VII cases, venue is governed by the factors set out in section 2000e-5(f)(3).  *See Crowley v. Napolitano*, -- F. Supp. 2d --, No. 12-976 (JEB) 2013 WL 704484, at *2 (D.D.C. Feb. 27, 2013).  Venue for claims brought under the Americans with Disabilities Act is governed by the same factors.  42 U.S.C. § 12117(a) (2006) ("The powers, remedies, and procedures set forth in section[] 2000e-5 . . . shall be the powers, remedies, and procedures this subchapter provides . . . to any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . . ."); *see also James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 n.3 (D.D.C. 2009).  Section 2000e-5(f)(3) provides that actions arising under Title VII may be brought:  (1) in any judicial district in the state where the unlawful employment practice is alleged to have been committed; (2) in the judicial district where the employment records relevant to the alleged unlawful practice are maintained and administered; or (3) in the judicial district where the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).  In addition, if the respondent is not found within any of the districts

described in prongs (1) through (3), the statute allows the action to be brought in the judicial district where the respondent has its principal office. *Id.*[2]

The Court will address only the prongs that plaintiff asserts support the District of Columbia as a proper venue for her claims – the first, third, and fourth.[3] Pl.'s Opp. at 7.

I.  **The state where the unlawful employment practice is alleged to have been committed**

Although the complaint does not expressly identify the state in which the unlawful employment practice was allegedly committed, it does provide that plaintiff worked in an office located in McLean, Virginia. Compl. at 4 ("Keith Barnes scheduled a face to face meeting with LaVerne in her McLean's [sic], VA office . . . . During LaVerne's previous conversation with Keith she asked him if was [sic] coming to her Virginia office[.]"); *id.* at 8 ("LaVerne met with Keith in her McLean, VA office to discuss her alleged charges of discrimination and harassment against Barbara."); *id.* at 9 (same). Plaintiff applied for workers compensation for her alleged work-related injury with the Commonwealth of Virginia's Workers Compensation Commission. Compl. at 5; Exs. 6–7 to Compl. And although the dismissal and notice of rights that plaintiff received from the EEOC came from the Washington Field Office in Washington, D.C., it was copied to the Human Resources Director for Deloitte at an address in McLean, Virginia. Ex. 1 to Compl.; *see also Shipkovitz v. Mosbacher*, No. 90-2159 (CRR), 1991 WL 251864, at *7 (D.D.C. Nov. 12, 1991) ("The language of the statute makes it clear that the location of the EEO office is

---

2   Since individuals are not held liable under Title VII or the Americans with Disabilities Act, *see Anderson v. Usher*, No. 12-7107, 2013 WL 1187399, at *1 (D.C. Cir. Mar. 4, 2013) (per curiam) (Americans with Disabilities Act); *Delbert v. Duncan*, -- F. Supp. 2d --, No. 12-1024 (ESH), 2013 WL 565867, at *3 (D.D.C. Feb. 14, 2013) (Title VII), the Court will consider only defendant Deloitte Services, LLP in its venue analysis.

3   As to the second prong of the venue provision, plaintiff has not disputed defendants' assertion that the employment records relevant to her claims are maintained in Hermitage, Tennessee. Barnes Decl. ¶ 4, Ex. 1 to Defs.' Mot. [Dkt. #5-1].

irrelevant for venue purposes."), *aff'd*, No. 92-5030, 1992 WL 394489 (D.C. Cir. Nov. 5, 1992) (per curiam). There are no allegations in the complaint that plaintiff worked, or suffered injury, in the District of Columbia. In addition, defendants have attached to their motion a declaration from Keith Barnes, Talent Manager for Deloitte Services, LP, which states that plaintiff worked for Deloitte Services, LP in McLean, Virginia, and that she did not work in the District of Columbia. Barnes Decl., Ex. 1 to Defs.' Mot. [Dkt. # 5-1] ¶¶ 1–3.

In her opposition to the motion to dismiss, plaintiff does not assert, or attach any evidence, that she suffered her workplace injury in the District of Columbia. Rather, plaintiff alleges that she "attended several meetings and business event[s]" in the District. Pl.'s Opp. at 7. She also alleges that at some point during her employment with Deloitte, her role changed and she became "a 'floater' to support her peers and subordinate co-workers." *Id.* at 8. Even if the Court were to treat these allegations as true, they do not establish that the alleged unlawful employment practice was committed in the District of Columbia.

Accordingly, the District of Columbia is not an appropriate venue under this prong of the Title VII venue provision.

## II. The judicial district where the aggrieved person would have worked but for the alleged unlawful employment practice

The complaint contains no allegations that plaintiff would have worked in the District of Columbia but for the alleged unlawful employment practice. And given that plaintiff has not asserted that she worked in the District of Columbia when she was previously employed with Deloitte, the Court has no reason to believe that she would have worked in the District of Columbia but for Deloitte's allegedly illegal conduct.

In her opposition to the motion to dismiss, plaintiff asserts that because at some point during her employment with Deloitte she became a "floater," supporting peers and subordinates,

5

it is "unknown as to whether or not Plaintiff would have resumed working at one of the Defendants [sic] offices in the District of Columbia." Pl.'s Opp. at 8. But this assertion is too speculative to demonstrate that plaintiff would have worked in the District of Columbia but for the alleged unlawful employment practice. *See Slaby v. Holder*, -- F. Supp. 2d --, No. 12-01160 (BAH), 2012 WL 5381409, at *4 (D.D.C. Nov. 4, 2012) (finding that the plaintiff, who completed training as a special agent for the FBI, did not satisfy this prong of the venue test when the only basis for asserting that he would have worked in the District of Columbia was based on the FBI's policy that new special agents may be assigned to an office anywhere in the United States based on the staffing needs of the FBI and the new special agent's particular skills); *Cole v. Boeing Co.*, -- F. Supp. 2d --, No. 11-1494 (RMC), 2012 WL 5360881, at *4 (D.D.C. Nov. 1, 2012) (explaining that the third venue factor was "designed to address instances of discrimination in which the complainant is in a different district than the defending employer, such as an applicant for a job").

### III. The judicial district where the respondent has its principal office

Again, there are no allegations pertaining to this prong of the venue analysis in the complaint. The opposition to the motion to dismiss alleges that "Deloitte Services LP was incorporated in 2000, and is based in New York, New York . . . . Deloitte Services LP operates as a subsidiary of Deloitte LLP in the United States and organized under Delaware law." Pl.'s Opp. at 1. The opposition later states that in 2011, plaintiff began working for "Deloitte Services, LLP, Federal Practice, and Defendant has their respective principal places of business in the District of Columbia. As a federal contractor, Defendant has a major presence in the District of Columbia." *Id*. at 7.

The Court, however, need not sort out these allegations because plaintiff cannot resort to this part of the venue provision. The statute only authorizes suit in the district where the respondent has its principal office if respondent is not found within any of the districts where venue is proper under the other three prongs. 42 U.S.C. § 2000e-5(f)(3); *see also Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 137 (D.D.C. 2009), citing *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 95 (D.D.C. 1983) ("[T]he Court cannot even consider the fourth venue scenario, as this subsection applies *only* in the event that the defendant is not located in one of the first three districts."). Since Deloitte Services, LLP can be found in McLean, Virginia, where the unlawful employment practice allegedly took place, *see* Pl.'s Opp. at 7 (noting that Deloitte Services has an office in McLean Virginia); *accord* Barnes Decl. ¶ 3, this prong of the venue provision does not make the District of Columbia an appropriate venue for plaintiff's claims, even if it were Deloitte LLP's principal place of business. *See McLaughlin v. Holder*, 864 F. Supp. 2d 134, 138 (D.D.C. 2012), citing *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) ("As the statutory language indicates, the fourth basis for venue – the location of the defendant's principal office – is an option when the plaintiff is unable to sue the defendant in any of the districts provided for by the first three bases.").

IV. **The Court's discretion to transfer the case**

Although defendants have asked the Court to dismiss this action, plaintiff requests that the Court instead transfer the case to the Eastern District of Virginia under the discretion granted to the courts by Congress in 28 U.S.C. § 1404(a). Pl.'s Opp. at 8–10. The Court will construe plaintiff's request for transfer as extending also to 28 U.S.C. § 1406(a), which permits the Court to transfer a case for which venue is improper to any district where it could have been brought, if transfer is in the interest of justice.

"Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). In addition, even when only some of the claims in the complaint arise under Title VII, courts regularly transfer the entire case if they find venue for the Title VII claims to be improper. *See Saran v. Harvey*, No. 04-1847, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) ("When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to 28 U.S.C. § 1406(a), to a judicial district where venue is appropriate for all claims, rather than split a case apart."); *see also, e.g.*, *Khalil*, 656 F. Supp. 2d at 137.

Here, plaintiff has requested that the case be transferred to the Eastern District of Virginia. Defendants have conceded that at all times relevant to this action, plaintiff worked for Deloitte Services, LP in McLean, Virginia, and that the alleged unlawful employment practice in this case occurred there. Defs.' Mot. at 3; Barnes Decl. ¶ 3. Accordingly, the Eastern District of Virginia would be an appropriate venue for the claims arising under Title VII and the Americans with Disabilities Act. And because "a substantial part of the events or omissions giving rise to the claim" occurred in McLean, Virginia, the Eastern District of Virginia is also an appropriate venue for the claims that arise under the Family Medical Leave Act pursuant to the general venue statute. 28 U.S.C. § 1391(b) ("A civil action may be brought . . . in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."); *see also James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (stating that venue for claims asserted under the Family Medical Leave Act is governed by the general venue provision codified at 28 U.S.C. § 1391(b)).

## CONCLUSION

Accordingly, the Court finds that the District of Columbia is not an appropriate venue for the claims in the complaint arising under Title VII or the Americans with Disabilities Act. However, finding it to be in the interest of justice, the Court will exercise its discretion to transfer this action to the United States District Court for the Eastern District of Virginia, where venue is appropriate.

A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: April 15, 2013